■ Natasha, Inc., et al., Respondents, v Stanley Shopkorn, Appellant. [22 NYS3d 203]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about February 3, 2015, which, to the extent appealed from, denied defendant's motion to dismiss the first, second, third, eighth, and eleventh causes of action, unanimously reversed, on the law, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The first, second, third, and eighth causes of action, which allege oppression of plaintiff minority shareholders by defendant as a controlling member of the majority, fail to state a cause of action. The rights claimed by plaintiffs exist solely by virtue of section 184I of the British Virgin Islands Companies Act of 2004, since, under the common law, the British Virgin Islands did not recognize any fiduciary duty owed by majority

shareholders to the minority (*see Dragon Inv. Co. II LLC v Shanahan*, 49 AD3d 403, 404 [1st Dept 2008], citing *Peskin v Anderson*, [2001] BCC 874). Moreover, under the Act, the High Court of the British Virgin Islands has exclusive adjudicatory authority over such claims. Plaintiffs' foreign law expert stated that he knew of no instance in which a British Virgin Islands court had enjoined a foreign action claiming oppression under the laws of the foreign jurisdiction; he did not opine about any bar on foreign litigation of claims under the British Virgin Islands statute at issue here. In any event, contrary to plaintiffs' contention, nothing about the exclusive jurisdiction aspect of the subject statute warrants denying it recognition (*see Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 629 [2006]).

The eleventh cause of action, brought by plaintiff Weinstein, alleges tortious interference with contract. This claim is also inextricably intertwined with the statutory causes of action, which, as previously discussed, must be litigated in the British Virgin Islands. Accordingly, we dismiss the eleventh cause of action because, among other infirmities, New York is not a convenient forum for its adjudication.

We have considered and rejected the parties' additional claims. Concur—Gonzalez, P.J., Friedman, Renwick and Moskowitz, JJ.